UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN (JACKSON) DIVISION

LEWIS HENRY THOMPSON, SR.                                                              PETITIONER

VS.                                                           CIVIL ACTION NO. 3:13cv923-CWR-FKB

RONALD KING                                                                                RESPONDENT

REPORT AND RECOMMENDATION

This cause is before the Court on the petition of Lewis Henry Thompson, Sr., for habeas corpus relief filed pursuant to 28 U.S.C. § 2254.  At the outset, the Court notes that its review of Thompson's conviction is circumscribed.   In other words, federal courts do not sit as "super" state supreme courts in habeas corpus proceedings to review errors under state law.  *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991).   Instead, "[a] state prisoner is entitled to relief under 28 U.S.C. § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Engle v. Isaac*, 456 U.S. 107, 110 (1981)(citing 28 U.S.C. § 2254(a)).   Guided by these fundamental principles, the Court has considered Thompson's petition [1], the Respondent's answers [9, 12], and all related filings.  For the reasons that follow, the undersigned concludes that the petition is not well-taken and should be dismissed with prejudice.

I. FACTS AND PROCEDURAL HISTORY

Thompson is currently in the custody of the Mississippi Department of Corrections ("MDOC") after being convicted by a jury of the crimes of possession of methamphetamine (Count I) and possession of precursor chemicals with intent to manufacture methamphetamine (Count II) in the in the Circuit Court of Neshoba County, Mississippi, on November 8, 2010. *See* [1] at 1-2.  At the sentencing hearing, the Circuit Court orally sentenced him to eight (8)

years on Count I and twenty-five (25) years on Count II, with the sentences to run consecutively. *Thompson v. State*, 92 So. 3d 691, 695 (Miss. Ct. App. 2012). On November 12, 2010, the Circuit Court entered a written order sentencing Thompson to sixteen (16) years on Count I and sixty (60) years on Count II, with the sentences to run concurrently, and without the benefit of parole, suspension, or reduction of sentence. *Id.*; [2] at 152-154. The court imposed the enhanced sentences because of Thompson's status as a second drug offender pursuant to Mississippi Code Annotated § 41-29-147[1] and the habitual criminal provision of Mississippi Code Annotated § 99-19-81.[2] [2] at 154.

---

[1]Mississippi Code Annotated § 41-29-147 provides, as follows:

Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.

Miss. Code Ann. § 41-29-147 (2013).

[2]Mississippi Code Annotated § 99-19-81 provides, as follows:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

On direct appeal to the Mississippi Court of Appeals, Thompson raised the following points of error:

1. The Court erred in increasing Appellant's sentence.

2. As to Count II, the verdict is against the overwhelming weight of the evidence.

3. The Court erred in failing to suppress the results of the search warrant.

4. The Court erred in admitting the confession into evidence.

[2] at 163. The Mississippi Court of Appeals affirmed Thompson's conviction on direct appeal on April 3, 2012, and denied rehearing on July 17, 2012. *Thompson*, 92 So. 3d at 691. There is no record of further appeal to the Mississippi Supreme Court for review of the decision.

Subsequently, Thompson sought post-conviction collateral relief by filing in the Mississippi Supreme Court an Application for Leave to Proceed in the Trial Court. [2] at 53. In his motion for post-conviction relief, Thompson raised several issues to be considered:

1. Whether Lewis was denied a speedy trial.

2. Whether the trial court erred in failing to suppress the results of the search warrant.

3. Whether the trial court erred in admitting Lewis's confession into evidence.

4. Whether the State failed to meet their burden of proof at habitual offender sentencing hearing and enhancement.

*Id.* at 56.

On November 6, 2012, the Mississippi Supreme Court dismissed in part and denied in part Thompson's Application for Leave to Proceed in the Trial Court. [12-3]. The court found that "most of the issues raised in the petition either were raised or were capable of being raised in

---

Miss. Code. Ann. § 99-19-81 (2015).

prior proceedings and are therefore subject to the procedural bar as set out in Miss. Code Ann. § 99-39-21(1)." *Id.* Specifically, the court found that "the claims related to speedy trial, suppression of the search warrant and suppression of the confession either were raised in prior proceedings or could have been raised," and it concluded that Thompson's claims did not meet any exception to the procedural bar. *Id.* As to the remaining claim, the court found that Thompson failed to show that he was entitled to a hearing on the claim related to his habitual sentence, therefore the court denied the claim. *Id.*

In his original Petition for Writ of Habeas Corpus filed in this Court, Thompson set forth several grounds for relief, quoted as follows:

Ground One   Whether [Thompson] was denied a speedy trial.

Ground Two   Whether the court erred in failing to suppress the results of the search warrant.

Ground Three   Whether the trial court erred in admitting [Thompson's] confession into evidence.

Ground Four   Whether the State failed to meet their burden of proof at [Thompson's] bifurcated trial to enhance the drug charge and attaching M.C.A. § 99-19-81.

[2] at 6-22.

The State filed a Response [9] and an Amended Response [12]. The Petitioner responded [10, 13] to both filings, and now this matter is before the Court.

## II. DISCUSSION

### A. Claims Barred from Habeas Review: Grounds One, Two, and Three

#### 1. Ground One

In Thompson's first ground for relief, he argues that he was denied his Sixth Amendment

right to a speedy trial. He asserts that he was arrested in July 2008, he was indicted in April 2009, and his November 2009 trial resulted in a mistrial. [2] at 6. The trial at which he was convicted did not occur until November 2010. *Id.*

Petitioner presented this ground for relief in his motion for post-conviction relief before the Mississippi Supreme Court, but he failed to present the argument in the direct appeal of his conviction. In its Order addressing his claims, the Mississippi Supreme Court found this ground to be subject to the procedural bar of Mississippi Code Annotated § 99-39-21(1),[3] and, accordingly, it dismissed the claim.

Likewise, review of Ground One in this Court is procedurally barred. "When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfil a state procedural requirement, federal habeas [relief] is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001)(citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). In *Coleman*, the United States Supreme Court held that federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Coleman*, 501 U.S. at 722. The Fifth Circuit has held that Section 99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997).

---

[3]The statute provides that:

> Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Miss. Code. Ann. § 99-39-21(1) (2015).

Accordingly, federal habeas review of this claim is barred.

Furthermore, the petitioner has shown neither cause (such as an external impediment) for this default, nor prejudice that would result from this Court's dismissal of these claims on procedural grounds. *United States v. Flores,* 981 F.2d 231, 235-236 (5th Cir.1993). Thompson also failed to pursue an ineffective assistance of counsel claim based on counsel's failure to pursue a speedy trial claim on direct appeal.  Such claim would now be procedurally barred, and, thus, Petitioner cannot assert an ineffective assistance of counsel claim as cause for his default. *See Edwards v. Carpenter*, 529 U.S. 445, 452 (2000)(quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)("'[A] claim for ineffective assistance,' we said, generally must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'").  Neither has the petitioner argued that dismissal of this claim on procedural grounds would lead to a fundamental miscarriage of justice--an exception confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir.1999). The petitioner failed to pursue the speedy trial claim on direct appeal; it is too late for him to do so now; and he has offered no reason for this failure. As such, Thompson's claim in Ground One should be dismissed.

### 2.  Claims Two and Three

The State argues federal review of  Thompson's claims contained in Grounds Two and Three is barred because of Thompson's procedural default.  More specifically, the State argues that Thompson failed to present properly his claims in Grounds Two and Three to the state's highest court, therefore the claims are barred from federal habeas review.

It is well-settled that applicants seeking federal habeas relief under section 2254[4] are required to exhaust all claims in state court prior to requesting federal collateral relief.  *See Coleman v. Thompson*, 501 U.S. 722, 729-55 (1991); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *see Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Whitehead*, 157 F.3d at 387.  Thus, Thompson must have presented his claims to the highest Mississippi state court in a procedurally proper manner so that the state courts were given "one full" and "fair opportunity" "to resolve any constitutional issues" before raising those issues for habeas review in federal

---

[4]Section 2254 provides, in relevant part, that:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
        (A) the applicant has exhausted the remedies available in the courts of the State; or
        (B)    (i) there is an absence of available State corrective process; or
              (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A state shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c)(1996).

court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The federal habeas scheme leaves primary responsibility with the state courts." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (internal citation and quotation marks omitted).

Grounds Two and Three, alleging that the trial court erred when it failed to suppress the results of a search warrant and when it admitted his confession into evidence, were presented in Thompson's direct appeal of his convictions and sentences. The Mississippi Court of Appeals affirmed the trial court's decision. However, when Thompson failed to seek further review by filing a petition for writ of certiorari to the Mississippi Supreme Court, he forfeited his right to pursue discretionary review by the Mississippi Supreme Court. *See* Miss. R. App. P. 17(b)(requiring that petition for rehearing in court of appeals must be filed and judgment entered thereon before seeking review of court of appeals decision by supreme court). "Review on writ of certiorari is not a matter of right, but a matter of judicial discretion." Miss. R. App. P. 17(a).

When Thompson sought review of these claims in his motion for post-conviction relief before the Mississippi Supreme Court, that court found its review of the claims in Grounds Two and Three to be procedurally barred by Mississippi Code Annotated § 99-39-21(1). A federal court may not review the merits of a procedurally barred claim absent a showing either of cause for default and actual prejudice, or that failure to address the claim would result in a miscarriage of justice. *Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995). Thompson has made no such showing. Accordingly, Petitioner has procedurally defaulted federal review of the claims in Grounds Two and Three. *O'Sullivan*, 526 U.S. at 845-846 and 848; *see also id.* at 415. Therefore, the claims in Grounds Two and Three should be dismissed.

B.  Claims Eligible for Habeas Review: Ground Four

The Court next turns to examine Thompson's remaining ground for relief.  In Ground Four, Thompson argues that the State failed to meet its burden of proof to enhance the drug charge pursuant to Mississippi Code Annotated §§ 41-29-147 and 99-19-81.  Thompson argues that the State used unauthenticated documents to enhance his punishment for being a second time drug offender and a habitual offender.  He further asserts that his right to confrontation of witnesses was violated when no records custodian testified at trial to authenticate the judgments used to demonstrate his second offender and habitual status. A review of the trial transcript shows that the prosecutor presented certified judgments of convictions to the trial court to establish Thompson's other felony and drug convictions, and Thompson did not object. [2] at 42-45.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The phrase "contrary to. . .clearly established Federal law," under Section 2254(d)(1), means the state court either "applie[d] a rule that contradicts the governing law set forth in our

cases" or in a case with facts "materially indistinguishable from a decision of this Court" arrived at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000).

In *Wiggins v. Smith*, 539 U.S. 510 (2003), the Supreme Court "made clear that the 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." 539 U.S. at 520 (quoting *Williams,* 529 U.S. at 413). Thus, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). The Supreme Court has observed that "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).   There is a "'highly deferential standard for evaluating state-court rulings' . . . which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)(quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7).

In reviewing the state court's factual findings, including implied findings, this Court defers to the state court's factual determinations unless they were "'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000)(quoting 28 U.S.C. § 2254(d)(2)). "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington,* 131 S. Ct. at 784. In the absence of a statement of reasons from the state court, "a [federal] habeas court must determine what arguments or theories . . . could have supported the state

court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Id.* at 786. According to the Supreme Court, this inquiry is the "'only question that matters under § 2254(d)(1).'" *Id.* (quoting *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Although petitioner may have presented the state court with what the federal court believes to be a "strong case for relief[, it] does not mean the state court's contrary conclusion was unreasonable." *Id.*

Thompson first challenges the sufficiency of the evidence used to support his conviction as a habitual offender and a second drug charge offender. In addition, Thompson argues that his confrontation rights were violated by the method the State employed to verify his convictions. Put another way, Thompson argues that the State should not have been allowed to use the "pen pack" or certified judgments of his prior felony and drug convictions to prove that enhanced sentences should be imposed. [1] at 10. Instead, Thompson asserts that a records custodian should have presented the certified judgments at trial because the records are testimonial in nature.

A federal court's standard of review "for an insufficient evidence claim in a federal habeas corpus proceeding is 'whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Hughes v. Johnson*, 191 F.3d 607, 619 (5th Cir. 1999)(quoting

*Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).  When applying this standard, a "federal habeas court refers to the state's criminal law for the substantive elements of the offense."  *Id.* at 619.  One must remember that "'[o]nly [the Supreme Court's standard in] *Jackson* need be satisfied, even if state law would impose a more demanding standard of proof.'" *Gilley v. Collins*, 968 F.2d 465, 468 (5th Cir. 1992)(quoting *Schrader v. Whitley*, 904 F.2d 282, 284 (5th Cir. 1990)).  Moreover, under *Jackson*, the federal court may find the evidence "sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence.'" *Id.* (quoting *Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991)).

As stated above, the prosecutor presented certified judgments to the trial court to prove Thompson's habitual and second drug offender status.  Thompson attached to his petition the relevant portions of the trial transcript wherein the prosecutor presented evidence of the certified judgments to the trial court. [2] at 42.  Thompson's counsel was given the opportunity by the trial court to question the authenticity of the documents and to present evidence on Thompson's behalf, but he did not do so.  *Id.* at 45.  Because the Mississippi Supreme Court has found that "the best evidence of a conviction is the judgment of conviction," sufficient evidence exists to support his conviction on the habitual and second drug offender sentence enhancements. *See McIlwain v. State*, 700 So. 2d 586, 589 (Miss. 1997)(quoting *DeBussi v. State*, 453 So. 2d 1030, 1031 (Miss. 1984)).  Therefore, this issue does not provide a basis for habeas relief.

Thompson's argument that the trial court denied his confrontation rights also fails to provide the basis for habeas relief. The trial court gave Thompson's counsel the opportunity to object to or question the authenticity of the documents, and counsel declined.  Thus, it would

appear that consideration of this claim in this forum would be barred.  *See Sones,* 61 F.3d at 415.  Moreover, Thompson's reliance on *Crawford v. Washington*, 541 U.S. 36 (2004), *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), and *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), is misplaced.  This Court has previously found that this issue provides no basis for habeas relief. *See Johnson v. King*, Civil Action No. 4:06cv74-TSL-LRA, 2009 WL 2872804 (S.D. Miss. Aug. 31, 2009)(addressing *Crawford* and finding that Mississippi Supreme Court's decision that introduction of "pen packs" without sponsoring witness was not contrary to or an unreasonable application of federal law); *Dixon v. King*, Civil Action No. 3:13cv838-CWR-FKB, 2014 WL 1050584 (S.D. Miss. Mar. 14, 2014)(same holding and addressing *Crawford*, *Melendez-Diaz*, and *Bullcoming*).

### III. CONCLUSION

Thus, for the reasons stated above, Thompson's petition for habeas corpus relief should be denied, and this case should be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636*, Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

RESPECTFULLY SUBMITTED, this the 24th day of November, 2015.

       /s/  F. Keith Ball                
UNITED STATES MAGSTRATE JUDGE