IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**LEWIS HENRY THOMPSON, SR.**                                    **PETITIONER**

**V.**                                    **CAUSE NO. 3:13-CV-923-CWR-FKB**

**RONALD KING**                                    **RESPONDENT**

### ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is petitioner's objection to the Report and Recommendation of the United States Magistrate Judge F. Keith Ball entered on December 21, 2015. Docket No. 18. The Magistrate Judge's Report and Recommendation recommends dismissing all claims in the petition with prejudice. Docket No. 17. Having considered the Report and Recommendation, the petitioner's objection, the respondent's opposition to petitioner's objection, applicable statutory and case law, and being otherwise fully advised, the Court concludes that the petitioner's objection is without merit and hereby adopts as its own opinion, the Report and Recommendation of the Magistrate Judge.

The petitioner filed the instant action on March 15, 2013 and raised four separate grounds for relief: (1) he was denied a speedy trial; (2) the trial court erred by failing to suppress the results of the search warrant; (3) the trial court erred by admitting petitioner's confession; and (4) the state failed to meet its burden for an enhanced sentence under state law.

Petitioner raised his speedy trial argument in his motion for post-conviction relief, but the Mississippi Supreme Court found it was procedurally barred, pursuant to Miss. Code Ann. § 99-39-21(1), because he failed to raise it in his direct appeal. Due to petitioner's failure to fulfill the state's procedural requirements, federal habeas relief is generally unavailable. *See Sayre v.*

*Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). Similarly, petitioner's second and third grounds for relief are barred because although he presented them in his direct appeal, he failed to seek further review by filing a petition for writ of certiorari to the Mississippi Supreme Court. As a result, in post-conviction motion, the Mississippi Supreme concluded that these grounds were also procedurally barred. A federal court can only review the merits of a procedurally barred claim if there is a showing of cause for default and actual prejudice, or if the failure to hear the claim would result in a miscarriage of justice. *See Sones v. Hargett*, 61 F.3d 410, 415 (5th Cir. 1995). Petitioner failed to make this showing.

Lastly, petitioner challenges his sentence enhancement based on prior convictions. In support of the enhancement, the state presented certified copies of the judgments and petitioner did not object. Pursuant to 28 U.S.C. § 2254(d), federal courts can only grant habeas relief based on the judgment of a state court in limited circumstances. Based on this Court's review of the evidence presented and the applicable legal standard, there is not a basis for habeas relief on this ground.

Based on the foregoing, it is ordered that the Report and Recommendation of the Magistrate Judge is adopted as the finding of this Court.

This matter shall be dismissed with prejudice and a Final Judgment will be entered on this day in accordance with this Order.

**SO ORDERED,** this the 24th day of March, 2016.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE